# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:26-cv-00206-MR

| | | |
|---|---|---|
| TYRIN DeSHAWN DUDLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| LESLIE COOLEY DISMUKES[1], | ) | |
| Secretary, North Carolina | ) | |
| Department of Adult Correction, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court for initial review upon the pro se

Petition for Writ of Habeas Corpus filed March 9, 2026, pursuant to 28 U.S.C.

§ 2254, by Tyrin DeShawn Dudley (herein "Petitioner"). [Doc. 1].

## I. BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. [Doc. 1 at

1]. According to the North Carolina Department of Adult Correction

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction, is the proper Respondent.

Database,[2] the Petitioner was convicted October 21, 2024,[3] in Gaston County Superior Court on one count of Second-Degree Murder. The Petitioner received an active term of imprisonment of 156 to 200 months. [NCDAC Database]. Petitioner's projected release date from imprisonment is January 15, 2038. [Id.].

According to the Petitioner, after sustaining his state court conviction, he filed no direct appeal. [Doc. 1 at 2]. Further, the Petitioner states that he did not institute any post-conviction proceedings. [Id. at 3]. In his Petition for Writ of Habeas Corpus filed in this Court, Petitioner does not raise any federal constitutional claims. [Id. at pp. 5; 7-8; 10].

## II.   STANDARD OF REVIEW

Title 28, U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a), Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254. Rule 2(c) of these same rules requires a petitioner to specify all available grounds for relief and

---

[2]   See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1745416&searchOffenderId=1745416&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1(herein "NCDAC Database"); Fed. R. Evid. 201.

[3] The Petitioner mistakenly lists August 4, 2022, as his conviction date [Doc. 1 at 1] but, according to the NCDAC Database, that date is when the Petitioner committed his murder offense.

2

state the facts that support each ground. Finally, the district courts are directed to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254.

## III.   DISCUSSION

The § 2254 petition filed by the Petitioner herein utterly fails to state any grounds for relief or set forth allegations describing any colorable claim, let alone plead any facts to show that he has a habeas claim based on the state court's misapplication of federal law, as required by 28 U.S.C. § 2254. Although the Petitioner brought this §2254 action as a <u>pro se</u> litigant, he is still required to specify all grounds for relief and state the supporting facts. Rule 2(c), 28 U.S.C.A. foll. § 2254.  Because the petition fails to specify any valid ground for habeas relief, it is deficient and subject to summary dismissal.

## IV.   CONCLUSION

For the reasons set forth above, the § 2254 petition shall be dismissed for failure to state any claim for relief.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338

(2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Clerk of Court is respectfully directed to amend the Docket to list Leslie Cooley Dismukes, the Secretary of the North Carolina Department of Adult Correction, as the proper Respondent.

3. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.** Signed: April 4, 2026

Martin Reidinger
Chief United States District Judge

4